IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM A. LINNUS and SARAH J. LINNUS, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-3163 |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

William and Sarah Linnus seek to recover for damage to their property under their homeowners' insurance policy issued by Metropolitan Lloyds Insurance Company of Texas. Metropolitan Lloyds moved to stay or abate pending completion of the contractual appraisal process. (Docket Entry No. 5 at 2). The Linnuses opposed the motion, and the court heard argument on October 8, 2019. (Docket Entry Nos. 12–13). In response to the court's instruction, the parties submitted supplemental briefs shortly after the hearing. (Docket Entry Nos. 14–15).

Based on a careful review of the filings, the record, and the applicable law, the court grants the motion to stay. The reasons for this ruling are set out in detail below.

**I.     Background**

The Linnuses claim that they are entitled to payment under their Metropolitan Lloyds insurance policy for damage to their home allegedly caused by a storm. (Docket Entry No. 1-1). Metropolitan Lloyds had the property inspected in January 2019 and concluded that there was no covered damage. (Docket Entry No. 12-2 at 9). The Linnuses hired a public adjuster, who arranged another inspection in March 2019 with a Metropolitan Lloyds representative. The public

adjuster found $25,544.02 in hail and wind damage, while the Metropolitan Lloyds representative concluded that there was $823.08 in covered hail damage. (Docket Entry No. 12-4 at 2; Docket Entry No. 12-5 at 3; Docket Entry No. 12-6 at 2, 4). Metropolitan Lloyds declined to pay the $823.08 because that amount was less than the Linnuses' deductible. (Docket Entry No. 12-5 at 3).

On April 8, 2019, a Metropolitan Lloyds supervisor allegedly told another employee that "we have reviewed the claim and no additional action is required." (Docket Entry No. 12-1 at 2–3). The next day, the supervisor allegedly asked the same employee to inform the Linnuses that their claim was denied by "send[ing] [the] denial letter as drafted." (*Id.* at 2).

The Linnuses hired counsel, who sent a demand letter citing the public adjuster's estimate to Metropolitan Lloyds on June 5, 2019. (Docket Entry No. 5-2 at 1–2). On June 13, Metropolitan Lloyds invoked the appraisal process under the insurance policy. (*Id.* at 2). The policy provided that either party could demand appraisal if they "fail[ed] to agree on the amount of loss." (Docket Entry No. 5-1 at 29).

After the parties could not agree on an appraiser, the Linnuses filed suit in state court, and Metropolitan Lloyds removed on the basis of diversity jurisdiction. (Docket Entry No. 1; Docket Entry No. 1-1 at ¶ 6.22). The parties dispute whether Metropolitan Lloyds waived its right to appraisal and, if not, whether the case should be stayed pending appraisal.

Each issue is addressed below.

## II. The Legal Standards

### a. Waiver

Texas insurance policies frequently include provisions requiring or allowing appraisal to resolve disputes about loss amounts. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). "An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Id.* at 895 (quoting *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)); *see also Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."). An appraiser must "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890. "[U]nless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895.

The contractual right to appraisal may be waived. The Texas Supreme Court explained that:

> [to] constitute waiver [of the right to appraisal] the acts relied on must be . . . reasonably calculated to induce the assured to believe that . . . compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss.

*In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (quoting *Scottish Union & Nat. Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888)). As the Court "more recently concluded, '[w]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

3

When an insured argues that the insurer's delay waived its appraisal right, the issue is "when [the insurer] knew that the appraisal clause could be invoked, whether it . . . timely [acted on that] knowledge." *Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009); *Boone v. Safeco Ins. Co. of Ind.*, No. H-09-1613, 2010 WL 2303311, at *12 (S.D. Tex. June 7, 2010). "[W]hile an unreasonable delay is a factor in finding waiver, reasonableness must be measured from the point of impasse." *Universal Underwriters*, 345 S.W.3d at 408. An impasse is "a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Determining whether the parties are at an impasse "requires an examination of the circumstances and the parties' conduct, not merely a measure of the amount of time involved in seeking appraisal." *Id.* at 408. "An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations . . . do not trigger a party's obligation to demand appraisal. Nor does an insurer's offer of money to cover damages necessarily indicate a refusal to negotiate further . . . ." *Id.*

"[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced." *Id.* at 411. "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.*; *see also Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008) (prejudice for the purpose of waiver of arbitration is "the inherent unfairness in terms of delay, expense, or damage to a party's legal position" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005) ("[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *Menorah Ins. Co., Ltd. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 (1st Cir. 1995) (finding prejudice when a party "incurred expenses as a direct result of [an opponent's] dilatory behavior" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)). The

4

Texas Supreme Court has observed that "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal. If a party senses that [an] impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Universal Underwriters*, 345 S.W.3d at 412.

Waiver "is an affirmative defense and the party asserting it bears the burden of proof." *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). Waiver may be a fact question, but it "becomes [a question] of law" when the facts are undisputed or "clearly established." *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). "The trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." *Laas v. State Farm Mut. Auto. Ins. Co.*, No. 14-98-00488-CV, 2000 WL 1125287, at *7 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, no pet.) (not designated for publication).

### b. Whether to Stay the Litigation Pending Appraisal

"While [a] trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal." *In re Allstate*, 85 S.W.3d at 196. In many cases, the litigation is stayed while appraisal is completed. *See, e.g.*, *Molzan, Inc. v. United Fire & Cas. Co.*, No. H-09-1045, 2009 WL 2215092, at *5 (S.D. Tex. July 23, 2009); *see also Johnson*, 290 S.W.3d at 895 ("[U]nless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts."); *Universal Underwriters*, 345 S.W.3d at 407 ("Appraisals can provide a less expensive, more efficient alternative to litigation . . . .").

### III. Analysis

#### a. Waiver

The relevant facts as to waiver are undisputed, allowing the court to resolve waiver as a matter of law. The Linnuses argue that the parties reached an impasse on April 8, 2019, when the Metropolitan Lloyds supervisor reviewed the public adjuster's estimate and decided that "no additional action is required." (Docket Entry No. 12 at 5–6). The Linnuses contend that because the insurance company "was aware of the impasse" on April 8, but did not invoke appraisal until June 13, it waived its right to appraisal. (*Id.* at 6). But courts have held that when, as here, an insurance company denies a claim because its adjuster's damage determination falls below a policy deductible, and part of the dispute is about the amount of covered damages, the denial of payment in itself does not waive a contractual appraisal right. *Glenbrook Patiohome, Owners Ass'n v. Lexington Ins. Co.*, No. H-10-2929, 2011 WL 666517, at *5 (S.D. Tex. Feb. 14, 2011) (citing *Sanchez v. Prop. & Cas. Ins. Co. of Hartford*, No. H-09-1736, 2010 WL 413687, at *5 (S.D. Tex. Jan. 27, 2010)). The Linnuses do not object to the length of the delay, which was approximately two months.

The Linnuses contend that Metropolitan Lloyds's refusal to pay was prejudicial because, in response, the Linnuses "had to" retain counsel who would take a "percentage of any potential recovery on the claim." (Docket Entry No. 15 at 3–4). The Linnuses also argue that Metropolitan Lloyds used the delay in invoking appraisal to "gain an unfair tactical advantage" by waiting to "see if they would not pursue the claim and . . . go away." (*Id.*). The Linnuses cite an opinion from the U.S. Court of Appeals for the First Circuit, which the Texas Supreme Court quoted, finding prejudice when a party "incurred expenses as a direct result of [an opponent's] dilatory

behavior." *See Menorah*, 72 F.3d at 222 (cited and quoted in *Universal Underwriters*, 345 S.W.3d at 411).

Assuming an impasse on April 8, 2019, the Linnuses' prejudice argument fails. They did not have to hire counsel after Metropolitan Lloyds denied their claim. Under the policy, either the Linnuses or the insurance company could demand appraisal if they "fail[ed] to agree on the amount of loss." (Docket Entry No. 5-1 at 29). As the Texas Supreme Court explained, "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal. If a party senses that [an] impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Universal Underwriters*, 345 S.W.3d at 412.

On this record, the court holds that Metropolitan Lloyds did not waive its right to demand appraisal.

### b. Whether to Stay the Litigation Pending Appraisal

The Linnuses contend that, waiver aside, the court should not stay the litigation because the court should supervise Metropolitan Lloyds during the appraisal process. (Docket Entry No. 12 at 6). They do not explain what "supervision" is needed, how the court would provide it, what it would accomplish, or any contractual provision for it. Instead, the Linnuses argue that Metropolitan Lloyds "demonstrated" that it needs supervision because it named an incompetent and partial appraiser on June 13, 2019, and named a new appraiser only after the Linnuses filed suit. (*Id.* at 6–7). The Linnuses also argue that the company provided incomplete discovery responses. (*Id.* at 7).

The court addressed these concerns at the October 8, 2019, hearing. The point about the appraiser is moot because the parties resolved that dispute. As for discovery, if the parties cannot resolve their disagreements through discussions between counsel, they can seek a premotion

7

conference under this court's procedures, even if the litigation is otherwise stayed, if the appraisal provides for the discovery.

The Linnuses also argue that discovery should proceed on their extracontractual claims even if the court grants the motion to stay the litigation on their breach of contract claim. (Docket Entry No. 12 at 8). Their other claims include three Texas statutory violations, breach of the duty of good faith and fair dealing, and misrepresentation. (Docket Entry No. 1-1 at ¶¶ 7.3–7.7). One of the Linnuses' claims is under the Prompt Payment Act, TEX. INS. CODE § 542.051, *et seq.*; the Linnuses emphasize that the Texas Supreme Court recently held that "an insurer's payment of an appraisal award does not as a matter of law bar an insured's [Prompt Payment Act] claims." (Docket Entry No. 15 at 5); *see Ortiz v. State Farm Lloyds*, No. 17-1048, 2019 WL 2710032, at *6 (Tex. June 28, 2019).

Most Texas courts have stayed the entire case pending appraisal even when "a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract." *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015); *see also Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. H-10-3613, 2011 WL 2174965, at *2 n.10 (S.D. Tex. June 3, 2011) ("The appraisal may obviate the need for further litigation . . . and if not, then in due season what remains to be litigated can proceed with efficient focus by the parties upon the specific issues remaining. . . . Indeed, Plaintiff will have suffered no prejudice should she prevail in the appraisal process; her claims will remain intact."). This court will follow the common practice and stay this case pending appraisal.

**IV.     Conclusion and Order**

The motion to stay, (Docket Entry No. 5), is granted. The case is stayed and administratively closed pending appraisal. Within 14 days after the appraisal process ends, either

8

party may move to reinstate the case to the active docket or to enter a dismissal order, whichever is appropriate.

SIGNED on January 22, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge